IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHARLES M. GOODE** | Case No.: 3:12-cv-1094-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **EVANS METAL FABRICATORS, et al.**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff filed a *pro se* Complaint *in forma pauperis* on June 19, 2012. Dkt. 2. This Court appointed pro bono counsel for the limited purpose of reviewing and investigating Plaintiff's claims and providing Plaintiff with a written report regarding his claims. Dkt. 10. Court-appointed counsel conducted the review and investigation and provided Plaintiff with the requested report. Dkt. 12. The pro bono representation was then terminated and Plaintiff was ordered to proceed *pro se*. Dkt. 15. On May 7, 2013, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Dkt. 20. Plaintiff timely responded. Dkt. 22. For the reasons discussed below, the Court dismisses this case for

PAGE 1 – OPINION AND ORDER

lack of subject-matter jurisdiction, with leave to replead alleging diversity jurisdiction, if appropriate.

## STANDARDS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id; United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*). "It is to be presumed that a [complaint] lies outside this limited jurisdiction, . . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction," which in this case is Plaintiff. *Kokkonen*, 511 U.S. at 377 (internal citation omitted). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court may therefore raise the question of subject-matter jurisdiction on its own initiative at any stage in the litigation. *Arbaugh*, 546 U.S. at 506. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon *de novo* review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.,* 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citing *Lee* v. *City of Los Angeles,* 250 F.3d 668, 692 (9th Cir. 2001)).

## BACKGROUND

In his *pro se* Complaint, Plaintiff alleges that he was injured on the job on October 13, 2008, while employed by Defendant Evans Metal Fabricators ("Evans Metal"), that he was slandered by Defendants Evans Metal and Tim Middlemiss, that Evans Metal tampered with witnesses relating to Plaintiff's worker's compensation claims, that Mr. Middlemiss perjured himself relating to that claim, and that Defendant Ja'sonn Butler gave false testimony under oath. Compl. at 3-4. Dkt. 2. Plaintiff also alleges that a settlement offer was made to him but that it had "stipulations" that apparently were not acceptable to Plaintiff. *Id.* at 3. There are limited factual assertions in the Complaint, and the claims are not specifically identified. Thus, it is difficult to ascertain the specific causes of action alleged by Plaintiff. The Complaint appears to plead common law tort causes of action for negligence, defamation, harassment, fraud or negligent misrepresentation, and possibly violations of Oregon's workers' compensation laws.

In his response to the Order to Show Cause, Plaintiff argues that his case should not be dismissed for lack of subject-matter jurisdiction because there is diversity of citizenship and he alleges violations of "U.S. Code Title 42 Chapter 21" and violations of his Sixth Amendment rights. Plf's Resp. at 3.

PAGE 3 – OPINION AND ORDER

## DISCUSSION

The two primary categories of civil cases over which the federal courts have jurisdiction are those based on federal law (federal question jurisdiction) and those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). In Section II.A of his Complaint, Plaintiff checked the box for "Federal Question" as the basis for federal court jurisdiction. Plaintiff, however, failed to identify the specific federal Constitutional, statutory, or treaty right at issue in Section II.B of his Complaint. In his response to the Order to Show Cause, Plaintiff alleges both federal question jurisdiction and diversity jurisdiction.

### A.  Federal Question Jurisdiction

Plaintiff's Complaint fails to allege claims or facts that support federal question jurisdiction. In his response to the Order to Show Cause, Plaintiff asserts that his Sixth Amendment right to a fair trial was violated, apparently based on the allegation that corporate witnesses from Evans Metal gave "perjured" testimony and induced witnesses favorable to Plaintiff not to testify.[1] Plaintiff also asserts that his Sixth Amendment right to compulsory process for obtaining witnesses in his favor was violated because he was not able to obtain witnesses in his favor.

Although these alleged constitutional violations were not pled in Plaintiff's Complaint, the Court will consider them in its jurisdictional analysis because the Court construes *pro se* filings liberally. *Hebbe*, 627 F.3d at 342. Plaintiff's argument that this Court has federal subject-matter jurisdiction based on alleged constitutional violations nevertheless fails because the rights guaranteed under the Sixth Amendment apply only to criminal cases and do not apply to civil

---

[1] It is unclear whether the allegedly perjured testimony and suppressed testimony occurred at an Oregon state worker's compensation hearing or through some other testimony given under oath.

PAGE 4 – OPINION AND ORDER

cases. *See* U.S. Const. Amend. VI ("In all *criminal prosecutions,* the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor.") (emphasis added); *See also Leatherwood v. Anna's Linens Co.*, 384 Fed. Appx. 853, 2010 WL 2490753, at *2 (11th Cir. June 17, 2010) (finding that the Sixth Amendment right to confront witnesses does not apply in civil cases); *Birt v. Montgomery*, 709 F.2d 690, 704 n. 2 (11th Cir.1983) (Henderson, J., dissenting) (noting that the Sixth Amendment right "to secure witnesses' testimony" does not apply to habeas corpus proceedings because such proceedings are civil in nature (citing *Pulliam v. Balkcom*, 263 S.E.2d 123, 125 (Ga. 1980), *cert. denied*, 447 U.S. 927 (1980))); *Tannahill v. United States*, 25 Cl. Ct. 149, 152 n.6 (1992) (noting that the Sixth Amendment does not apply to civil cases).

Plaintiff also argues that this Court has federal subject-matter jurisdiction based on an alleged "[v]iolation of civil rights by the unequal treatment because of race and disability" under "U. S. Code Title 42 Chapter 21." Plf's Resp. at 3. Plaintiff, however, fails to identify which statute under Title 42, Chapter 21 he alleges has been violated. Plaintiff also fails to allege any facts in his response to the Order to Show Cause or his Complaint sufficient to identify the alleged "unequal treatment" and how it was based on his race or disability, nor does he allege any facts from which the Court can infer any violation of a federal statute.

Although the Court construes *pro se* filings liberally, here Plaintiff offers no more than a conclusory statement that his allegations include an unidentified violation of some statute under United States Code Title 42, Chapter 21. Further, his allegation of such a violation is contradicted by the facts he alleges in his Complaint. Thus, Plaintiff fails properly to articulate a claim on which he can base federal subject-matter jurisdiction. The Court also finds that that the

Complaint could not be saved by amendment relating to the allegations of federal question jurisdiction.

## B. Diversity Jurisdiction

Plaintiff also argues in his response to the Order to Show Cause that there is federal subject-matter jurisdiction based on diversity. Plaintiff asserts that he was born and raised in Virginia, "has family ties and resident [sic] and much neglected obligations there," and that his ability to return was prohibited by his injury. Plf's Resp. at 3-4. Plaintiff did not properly allege diversity jurisdiction in his Complaint.

As relevant here, diversity jurisdiction requires that the plaintiff and defendant be "citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff does not clearly allege that he is a citizen of Virginia, nor does he allege facts from which such citizenship could be inferred, such as that Plaintiff is registered to vote in Virginia, has a residence in Virginia, files a state tax return in Virginia, or has a Virginia driver's license. Further, Plaintiff's allegations in his Complaint and assertions in his response to the Order to Show Cause appear to show that Plaintiff has been living in Oregon for at least five years and had employment in Oregon. Plaintiff's allegations are insufficient to show that he is a citizen of Virginia and that there is complete diversity of citizenship among the parties. Thus, Plaintiff fails to properly allege diversity jurisdiction.

Plaintiff argues in his response to the Order to Show Cause that diversity jurisdiction exists in this case. As noted above, Plaintiff fails to properly allege that he is a citizen of Virginia. It is not clear, however, whether Plaintiff is a citizen of Virginia or a citizen of Oregon. Because a court must construe *pro se* filings liberally and because amendments should be allowed for jurisdictional defects unless it is clear that no amendment could save the complaint,

Plaintiff is allowed 14 days from the date of this Opinion and Order to replead his Complaint and allege, under penalty of perjury, that he is a citizen of Virginia, if he is a citizen of Virginia.

The Court notes that it is the burden of Plaintiff to show diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). The Court further notes that Plaintiff's state citizenship is determined by his state of domicile, which is his "permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id*. at 857. Factors considered in determining domicile include

> current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. . . . [D]omicile is evaluated in terms of objective facts, and . . . statements of intent are entitled to little weight when in conflict with facts.

*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (internal quotations and citations omitted). For Plaintiff to sufficiently plead diversity jurisdiction, he must allege, in good faith and under penalty of perjury, that he is a citizen of Virginia, and the Court further directs that Plaintiff state the facts that support that allegation.

## CONCLUSION

The Complaint (Dkt. 2) is DISMISSED. Plaintiff has 14 days to replead, under penalty of perjury, that he is a citizen of Virginia, if he is, and Plaintiff is further directed to state the facts that support such an allegation.

**IT IS SO ORDERED**.

DATED this 11th day of June 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 7 – OPINION AND ORDER