IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHARLES M. GOODE,** | Case No. 3:12-cv-1094-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **EVANS METAL FABRICATORS, et al.**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Before the Court are Plaintiff's (1) Replead of Diversity Jurisdiction, Dkt. 28; (2) Motion for Appointment of Pro Bono Counsel, Dkt. 27; (3) Motion to Have Paperwork Released, Dkt. 23; and (4) Motion to Have Files Released. Dkt. 24. For the reasons discussed below, Plaintiff may prosecute his claims, his motion for appointment of counsel is denied, and his motions relating to document discovery are denied with leave to renew if and when appropriate.

**1.  Plaintiff's Complaint**

Plaintiff filed a *pro se* Complaint *in forma pauperis* on June 19, 2012. Dkt. 2. On June 11, 2013, the Court dismissed Plaintiff's Complaint for lack of subject-matter jurisdiction,

PAGE 1 – OPINION AND ORDER

allowing Plaintiff to replead diversity jurisdiction, if appropriate. Dkt. 25. Plaintiff timely responded with a filing describing jurisdictional facts. Dkt. 28. Plaintiff, however, did not file an Amended Complaint.

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Accordingly, the Court construes Plaintiff's original Complaint, in combination with Plaintiff's allegations relating to jurisdiction, as constituting Plaintiff's Amended Complaint. Plaintiff shall be entitled to pursue his claims and by separate order Plaintiff will be instructed on how to effectuate service upon the defendants. The defendants in this case shall be served copies of both the Complaint (Dkt. 2) and the Replead of Diversity Jurisdiction (Dkt. 28).

2. **Plaintiff's Motion for Appointment of Pro Bono Counsel**

In July 2012, this Court appointed pro bono counsel for the limited purpose of reviewing and investigating Plaintiff's claims and providing Plaintiff with a written report regarding his claims. Dkt. 10. Court-appointed counsel conducted this review and investigation and provided Plaintiff with the requested report. Dkt. 12. The pro bono representation was then terminated and Plaintiff was ordered to proceed *pro se*. Dkt. 15.

Plaintiff now moves for an appointment of pro bono counsel to assist Plaintiff in pursuing his claims. Dkt. 27. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to request volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.2009); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.2004). Although this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

PAGE 2 – OPINION AND ORDER

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved are not of substantial complexity. Additionally, the Court has concerns regarding the application of the statute of limitations as a bar to Plaintiff's claims and, therefore, has concern that Plaintiff appears to have a low likelihood of success on the merits. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that support the appointment of counsel under § 1915(e).

### 3. Documentary Motions

Plaintiff moves to have certain documents and files produced by the Oregon Worker's Compensation Board (Dkt. 23) and certain employee files produced, presumably from Defendant Evans Metal Fabricators (Dkt. 24). These motions are construed as motions to compel production of documents, and such motions are not ripe. Defendants have not been served with process and discovery of documents may not commence until Defendants have been properly served and the parties have held a Rule 26 discovery conference. *See* Local Rule 26-1. Further, the documents requested from the Oregon Worker's Compensation Board must be sought through a properly issued document subpoena or FOIA request served on the Board.

After documents have been properly requested from the person or entity controlling the documents, if the person or entity controlling the documents refuses to produce the documents

PAGE 3 – OPINION AND ORDER

within a reasonable time period, the requesting party may file a motion with the court seeking production of the requested documents. Accordingly, Plaintiffs documentary motions are denied with leave to refile as motions to compel if and when appropriate.

## CONCLUSION

The Court construes Plaintiff's Complaint (Dkt. 2) and Replead of Diversity Jurisdiction (Dkt. 28), together, as Plaintiff's Amended Complaint. By separate order, Plaintiff will be instructed how to effectuate service of process on the defendants. Plaintiff's Motion to Have Paperwork Released (Dkt. 23) and Motion to Have Files Released (Dkt. 24) are DENIED with leave to replead as a motion to compel only under the timing and other circumstances described above.

**IT IS SO ORDERED**.

DATED this 15th day of July 2013.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge